**DANIEL SANSONI**
13248 Moss Park Ridge Drive
Orlando, FL 32832
(215) 333-7790
Plaintiff and Parent of Plaintiffs

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Daniel SANSONI,<br><br>    Plaintiff,<br><br> v.<br><br>ORANGE COUNTY SCHOOL BOARD<br><br>    Defendant. | Case No.: 6:24-CV-327-PGB-LHP |

**MOTION FOR SPECIAL ADMISSION OR, IN THE ALTERNATIVE, MOTION FOR TEMPORARY ADMISSION, OR, IN THE ALTERNATIVE, MOTION TO BE ADDED TO THE ECF SYSTEM**

## INTRODUCTION

Movant is Daniel Sansoni, the plaintiff in this case.  Movant is an attorney licensed in Pennsylvania on October 25, 2001.  Movant has been an attorney for over 22 years.

The movant has read, knows, and understands the Local Rules of Court for the United States District Court for the Middle District of Florida.

The movant is a member in good standing of the bar of Pennsylvania.  He is also licensed and in good standing in the Eastern District of Pennsylvania and the Court of Appeals for the Third Circuit.  Through the years, movant has appeared in various district courts throughout the country.

Movant finds it necessary to file this Motion since movant has not been receiving any notifications of filings from either this Honorable Court or the defendant.  Movant checked the docket and saw certain entries.  A third party observer has notified the movant of other recent filings in this case.

Per the docket, there have been 7 docket entries.  Movant did not receive electronic notification of any of these filings.  A very nice clerk of the Court called the Movant regarding the filing of the complaint and gave movant the docket number.  As to the 3 filings of the defendant, two of these documents contain certificates of service notifying that all counsel was served electronically through the ECF system.  However, movant is not in the ECF system in the Middle District

and there is no counsel of record for the plaintiff. Therefore, it appears this was an honest mistake by the defendant but a mistake nonetheless.

Similarly, the movant has not received any electronic notice from the Court. In addition, per the time of the filing of this Motion, movant has not received any written notification from the Court for any of the 7 docket entries. Perhaps these have not arrived in the mail.

### Duty to Confer with the Defendant in Good Faith

This is a procedural motion between the movant and this Honorable Court under the Local Rules. Therefore, no conference with the defendant should be needed. In further response, there should be no prejudice to the defendant because, if granted, the defendant will be easily able to serve documents on the plaintiff by using the ECF system. Furthermore, the defendant has already tried to use this service method on the plaintiff by two separate filings.

### Concise Statement of the Precise Relief Sought

Movant seeks special admission before this Honorable Court. In the alternative, movant seeks temporary admission before this Honorable Court. In the alternative, movant seeks being able to receive notification of all docket filings by the Court using his ECF login of ds6235ds.

**Statement of the Basis for the Request**

The Local Rules of this Honorable Court allow special admission and temporary admission. See Local Rule 2.01. If movant does not get specially admitted or temporarily admitted or he does not receive notification of docket filings, he will be required to enter the ECF system on a daily basis to check for filings or will have to wait to receive mailings. This can cause an undue burden to the movant and will certainly be prejudicial.

**LEGAL MEMORANDUM SUPPORTING THE REQUEST**

Local Rule 2.01(a) requires membership or special admission to practice in the Middle District. Movant can not get membership in the Middle District under Local Rule 2.01(b) as he is not a Florida licensed attorney.

**A.  Special Admission under Local Rule 2.01(c)**

Movant might be eligible for special admission under Local Rule 2.01(c). Movant meets all criteria under Local Rule 2.01(c) except one provision.

Under Local Rule 2.01(c)(1), the rule requires that the movant is not a Florida Resident and is not a member in good standing of the Florida Bar. Movant is a Florida Resident. He is not a member in good standing of the Florida Bar as he does not have a Florida law license. Regarding the requirement to not be a Florida Resident, the intent of this provision is to ensure that attorneys do not set up shop in Florida in order to practice Florida law without a Florida law license. Movant

does not possess such intent. Movant is not trying to practice Florida law. Movant has made Florida his home and has lived here for the past 11 years. He does not practice Florida law and has not done so in his 11 years of residency in Florida. The only reason movant is proceeding with this case is because he is advocating for his minor child. Although this advocacy is ongoing, this is parental advocacy with no intent to represent others.

Local Rule 1.01(b) allows for this Honorable Court to suspend the application of a rule. The rule states: "If reasonably necessary to achieve the purpose of these rules, a judge can modify or suspend for all or part of an action the application of any rule..."

The purpose of the Local Rules are to achieve justice as well as efficiency, consistency, and convenience. See Local Rule 1.01(a).

Justice would allow movant to appear under special admission so that he can properly advocate for his son and receive all filings in a timely manner. Furthermore, this would help with the convenience to the Court and to the defendant as they can easily serve movant via the ECF system. Furthermore, the intent of the rule is for attorneys to not create a law practice without getting a Florida law license. Movant has no such intent and justice should allow him to appear via special admission. He should not be penalized solely because he enjoys living within the confines of the Middle District.

As to the other requirements of the Local Rule 2.01(c), movant is a member in good standing of the Eastern District of Pennsylvania. Movant is a member in good standing of the Supreme Court of Pennsylvania. See attached at Motion Exhibit 1. Movant does not maintain a regular practice of law in Florida. In the past 36 months, movant has not appeared as a lawyer in any case in state or federal court in Florida. If allowed to proceed, movant will file the application for special admission.

**B.  Temporary Admission under Local Rule 2.01(d)**

This local rule allows temporary admission in an extraordinary circumstance, such as an emergency hearing. In this case, the movant has reached out to the general counsel for the defendant on multiple occasions before bringing this lawsuit in order to try to resolve this matter. Furthermore, movant has notified the general counsel of the defendant that the movant would be filing an Emergency Motion to Enforce Certain Terms of the Settlement Agreement. Movant sent this email to the general counsel of the defendant on February 15, 2024, to confer with her before filing the Motion. See the email at Motion Exhibit 2. Movant still plans on filing this Emergency Motion later this week and is awaiting a response from the defendant. The purpose of this Motion will be to try and ensure that a Free Appropriate Public Education is not denied to the minor plaintiff. As it will be an emergency motion, plaintiff is seeking temporary admission.

### C. Movant should be added to the ECF System

To ensure the efficiency of this case and since movant has an ECF account and since movant has already not received multiple filings, if special admission or temporary admission is not granted, movant should be allowed to access the ECF system for filing and for notifications of filings by the Court and the defendant. Movant reached out to the Clerk's Office before filing his complaint.  The Clerk's Office indicated that movant can not register under the Middle District's ECF system without Court permission.

### Conclusion

Based on all of the above, movant respectfully requests Special Admission before this Honorable Court.  In the alternative, movant seeks Temporary Admission.  In the alternative, movant asks to be added to the Middle District's ECF system.

Dated: 02/18/2024                                          Respectfully Submitted,

/s/ Daniel Sansoni_____
Daniel Sansoni, Plaintiff

CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the forgoing Motion was served this 18th day of February, 2024, on the following counsel of record via electronic filing:

Amy Pitsch, attorney for the Defendant, Orange County School Board
Molly Shaddock, attorney for the Defendant, Orange County School Board

/s/Daniel Sansoni
Daniel Sansoni, Esquire