**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DANIEL SANSONI,

        Plaintiff,

v.                                                Case No:   6:24-cv-327-PGB-LHP

ORANGE COUNTY SCHOOL BOARD,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** EMERGENCY MOTION TO ENFORCE CERTAIN TERMS OF THE SETTLEMENT AGREEMENT (Doc. No. 13)
>
> **FILED:** February 22, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Upon review of Plaintiff's Emergency Motion (Doc. No. 13) and for the reasons set forth in Defendant's response (Doc. No. 18), Plaintiff's Motion (Doc. No. 13) is due to be denied without prejudice.

First, the motion fails to comply with Local Rule 3.01(e) with respect to designating a motion as an "emergency." Aside from a lone statement that "numerous educational opportunities will be immediately denied," *see* Doc. No. 13, at 2, Plaintiff does not explain why this motion should be treated as an "emergency."

Second, while the motion claims that Defendant is breaching various provisions of a settlement agreement that the parties previously entered into, the motion fails to provide any explanation or evidence to support the conclusory statements that a breach has occurred. The only evidence submitted with the motion is a copy of the agreement itself, along with two emails – one of which addresses issues that are not encompassed within the settlement agreement – and the other does not shed any light on any purported breaches. Doc. Nos. 13-1 through 13-3.

Third and relatedly, the motion, while entitled as requesting enforcement of a pre-existing settlement agreement, also requests additional relief not encompassed in that agreement. *See* Doc. No. 13, at 4. Plaintiff does not explain or provide any legal authority that would permit such additional relief within the context of the present emergency motion.

Fourth, it appears that what Plaintiff is really seeking is some sort of temporary or preliminary injunctive relief. And in that regard, Plaintiff has failed

to comply with any of the requirements of Local Rules 6.01 and 6.02, or with Federal Rule of Civil Procedure 65.

For these reasons, Plaintiff's motion (Doc. No. 13) is **DENIED WITHOUT PREJUDICE.** Although Plaintiff is an attorney licensed in Pennsylvania, *see* Doc. No. 9, he has elected to proceed in this case *pro se*. And as a *pro se* litigant, Plaintiff is reminded of his obligation to comply with all applicable legal authorities, including the Local Rules and Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). While the Court declines to award sanctions under Local Rule 3.01(e) in this instance, Plaintiff is advised that future failures to comply with applicable rules and orders may result in sanctions.

**DONE** and **ORDERED** in Orlando, Florida on March 4, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties