**DANIEL SANSONI**
13248 Moss Park Ridge Drive
Orlando, FL 32832
(215) 333-7790
Plaintiff and Parent of Plaintiffs

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Daniel SANSONI,

                Plaintiff,

    v.

ORANGE COUNTY SCHOOL
BOARD

             Defendant.

Case No.: 6:24-CV-327-JSS-LHP

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

**INTRODUCTION**

Movant is Plaintiff Daniel Sansoni.  Plaintiff sent a Demand for Production of Documents to the Defendant on March 30, 2024, with a response due in 30 days.  Plaintiff sent Requests for Admission to the Defendant on April 2, 2024, with a response due in 30 days.

Per an email from the Defendant attached hereto at Motion Exhibit 1, Defendant sought a 30 day extension for both sets of discovery requests.  Plaintiff agreed to the extension with all responses for both sets due on June 2, 2024.

The Defendant did not respond by June 2, 2024.  The Defendant did respond on June 3, 2024, which was too late.  Therefore, all the Admissions are admitted.  The Defendant is now late in producing documents and this Motion is now ripe to be filed.

The Demand for Production of Documents is attached hereto at Motion Exhibit 2.  The untimely response is attached hereto at Motion Exhibit 3.

**CONCISE STATEMENT OF THE PRECISE RELIEF SOUGHT**

Plaintiff seeks production of all documents as requested in the Demand for Production of Documents.  Plaintiff seeks no personal information about any student or student's family member or student's guardian or personal identifier or address or telephone number and all such information can be redacted.  To be extra fair, Plaintiff seeks documents for five years prior to August, 2019, to the present.

## STATEMENT OF THE BASIS FOR THE REQUEST

Local Rule 3.05 allows Stipulations.  The emails at Motion Exhibit 1 are a Stipulation as the Defendant sought an extra 30 days (for a total of 60 days) to respond to discovery with a due date of June 2, 2024.  Plaintiff agreed to the defendant's request of June 2, 2024.  The stipulation is in writing.  The defendant did not respond by June 2, 2024.  Since the defendant violated this Stipulation, they are required to produce the documents as requested.

## LEGAL MEMORANDUM SUPPORTING THE REQUEST

The district courts are entitled to broad discretion in managing pretrial discovery matters.  See, e.g., Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir.2001).

Federal Rule of Civil Procedure 6 does not apply to dates when parties have stipulated to a deadline since a stipulation supercedes the Rule.  Local Rule 3.05.  If the parties stipulate to depose someone at 11 pm on a Saturday night, then that stipulation is controlling and a violation of which is subject to a Motion to Compel.

The defendant might claim they produced 100's of pages of documents.  The documents they produced were after the plaintiff had to mention this motion.  The documents, although good to have, are mostly academic records of KM and KDM and do not go to the heart of the case which is the defendant's breach of contract claim and their various torts (many of which are now admitted).

3

**LOCAL RULE 3.01(G) CERTIFICATION**

Plaintiff Sansoni certifies that he has conferred with the defendant. The parties spoke on June 12, 2024, via telephone for over 30 minutes. The parties do not agree on the resolution of the motion.

**CONCLUSION**

Based on all of the above, plaintiff respectfully requests this Honorable Court to Order the Defendant to produce all documents as requested in the Demand for Production of Documents.

Dated: 06/13/2024                                    Respectfully Submitted,

                                                     /s/ Daniel Sansoni_____
                                                     Daniel Sansoni, Plaintiff

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing Motion was served this 13th day of June, 2024, on the following counsel of record via electronic filing:
Amy Pitsch, attorney for the Defendant, Orange County School Board
Molly Shaddock, attorney for the Defendant, Orange County School Board

/s/Daniel Sansoni
Daniel Sansoni, Esquire

Motion Exhibit 1

**Re: Daniel Sansoni v. Orange County School Board: Discovery**

Daniel Sansoni <dsansoni@hotmail.com>
Fri 4/12/2024 12:25 PM
To:Mira Crowder <mcrowder@sniffenlaw.com>
Cc:Amy Pitsch <apitsch@sniffenlaw.com>;Molly Shaddock
<mshaddock@sniffenlaw.com>
Hello:

Ok.  No problem.  June 2 is fine.

Sincerely,
Daniel Sansoni
215-333-7790

---

**From:** Mira Crowder <mcrowder@sniffenlaw.com>
**Sent:** Friday, April 12, 2024 12:13 PM
**To:** dsansoni@hotmail.com <dsansoni@hotmail.com>
**Cc:** Amy Pitsch <apitsch@sniffenlaw.com>; Molly Shaddock
<mshaddock@sniffenlaw.com>
**Subject:** Daniel Sansoni v. Orange County School Board: Discovery

Dear Mr. Sansoni,

The Defendant Orange County School Board currently has discovery
requests from you (Requests for Production served March 30 and
Requests for Admission served April 2). We are requesting an extension
until June 2, 2024, to respond the pending discovery.

Thank you,

**Mira Crowder**
Legal Assistant to Mark K. Logan, Mitchell J. Herring,
Jeffrey D. Slanker, and Amy J. Pitsch.

Motion Exhibit 2

**DANIEL SANSONI**
13248 Moss Park Ridge Drive
Orlando, FL 32832
(215) 333-7790
Plaintiff and Parent of Plaintiffs

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Daniel SANSONI, | |
| Plaintiff, | Case No.: 6:24-CV-327-JSS-LHP |
| v. | |
| ORANGE COUNTY SCHOOL BOARD | |
| Defendant. | |

## PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTS, SET ONE

Propounding Party:  Plaintiff Daniel Sansoni

Responding Party:  Defendant Orange County School Board (OCSB)

Set Number:  One

**Demand for Production of Documents, Set One**

To Any Defendant and Their Counsel of Record:

Pursuant to the provisions of Federal Rule of Civil Procedure 34, it is hereby requested and demanded of Defendant, Orange County School Board, that You respond separately, under oath and in writing, to each and every category of documents set forth herein, within thirty (30) days of service of this request.

Please take Notice that, within thirty (30) days of this request, you are directed to produce for inspection and copying of the same, all the documents and materials described below which are in your possession, custody, and/or control to Daniel Sansoni, 13248 Moss Park Ridge Drive, Orlando, FL 32832.  Unless otherwise indicated, a copy of the documents requested shall be sufficient for this production of documents.

Dated: 03/30/2024                                    Respectfully Submitted,

                                                     /s/ Daniel Sansoni_____
                                                     Daniel Sansoni, Plaintiff

## INSTRUCTIONS AND DEFINITIONS

1. This request is continuing in nature, thereby requiring you to change, supplement, and correct your production to conform to all available information, including such information as first becomes available after the initial production.

2. "Document" or "documents" means any tangible item discoverable under Federal Rule of Civil Procedure, Rule 34.

3. If more than one copy of a requested document exists, this request includes a request for production of all non-identical copies.

4. The terms "you" or "your" include the person to whom these requests are addressed, and all of that person's agents, representatives, employees, or attorneys.

5. In accordance with Rule 34, the terms "document" or "documents" include all writings, emails, school records, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through any means into reasonably usable form.

6. Any requested document refers to any document from ten years previous to the date of this document until the date of this document and ongoing into the future during the course of this litigation.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents, bills, statements, correspondence, or records of any kind pertaining to Daniel Sansoni, Ruth Willis, redacted KM, or KM (herinafter referred to as KM), and, redacted KDM, or KDM (herinafter referred to as KDM).

2. The entire personnel file of Lisa Miller, Stephanie Osmond, Phoebe Storey, Mr. Luis (a paraprofessional who worked at Moss Park Elementary School with Phoebe Storey), Janice Border, Katrina Moore, Melissa Miller, Tajuana Lee-Wenze, Sarah Koren, Jason Batura, Rosemary Berson, Theresa Sutton, Amy Envall, Christine Croft, Elizabeth Padilla, Melissa Grace, and Jennifer Kezer, including but not limited to application records, employment history, disciplinary records, promotion records, complaint records, education or

training history, drug tests, criminal background checks and any other documents kept in the regular course of business.

3. Any and all contractual or legal agreements between the OCSB and Lisa Miller, Stephanie Osmond, Phoebe Storey, Mr. Luis (a paraprofessional who worked at Moss Park Elementary School with Phoebe Storey), Janice Border, Katrina Moore, Melissa Miller, Tajuana Lee-Wenze, Sarah Koren, Jason Batura, Rosemary Berson, Theresa Sutton, Amy Envall, Christine Croft, Elizabeth Padilla, Melissa Grace, and Jennifer Kezer pertaining to his or her current and past employment.

4. Any charts, tables, or other documents detailing the hierarchical and/or organizational structure of the Orange County School Board.

5. Any and all documents which comprise, refer to or relate to insurance agreements under which any person carrying on an insurance business might be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment.

6. Any and all documents, reports, memoranda, notes, recordings or statements of any kind by any person or entity which refer or relate to any Individualized Education Plan (IEP) meeting of KM.

7. Any and all documents, reports, memoranda, notes, recordings or statements of any kind which refer or relate to any meeting that any employee of the defendant OCSB had about Daniel Sansoni, Ruth Willis, KM, or KDM.

8. Any and all documents regarding any police involvement or law enforcement involvement or Florida Department of Children and Families Involvement at Moss Park Elementary School including any police reports, DCF reports, or OCPS Management A-4.

9. Any and all documents of any kind where any employee of the OCSB discusses using OCPS Management A-4 intentionally against any student or parent of a student despite there being no violation.

10. Any and all documents of any employee of the OCSB discussing wiretapping, eavesdropping, interception of communications, or Florida Statute 934.03.

11. Any and all documents of any employee of the OCSB discussing how to disrupt or cause trouble or use the code of civility or use any tactic in order to obtain an edge at any IEP meeting.

12. Any and all documents discussing payments or bonuses, or not receiving payments or bonuses, from any employee or department of the OCSB to any

principal of the OCSB if the principal does not act in accordance with any act as directed by them by such employee or department of the OCSB.

13. Any and all documents discussing any control by any employee in the Exceptional Student Education (ESE) department of the OCSB over any principal of the OCSB.

14. The name, address, and telephone number of any ESE employee, principal, or teacher who worked with ESE students who was fired or disciplined.

15. Any and all documents discussing whether any member of any investigatory entity of OCSB can have their investigation controlled by any other employee of the OCSB.

16. Any and all documents memorializing any citations, warnings, or fines issued by any governmental or regulatory body to the OCSB or its employees.

17. Any documents regarding any professional standards complaint or ethics complaint against Lisa Miller, Stephanie Osmond, Phoebe Storey, Mr. Luis (a paraprofessional who worked at Moss Park Elementary School with Phoebe Storey), Janice Border, Katrina Moore, Melissa Miller, Tajuana Lee-Wenze, Sarah Koren, Jason Batura, Rosemary Berson, Theresa Sutton, Amy

Envall, Christine Croft, Elizabeth Padilla, Melissa Grace, and Jennifer Kezer.

18. Any and all documents between Jason Batura and Sarah Koren.

19. Any and all documents between Tajuana Lee-Wenze and Sarah Koren.

20. All documents referring to Amy Envall listening in on Daniel Sansoni's conversation.

21. In a 2016 meeting, Attorney Sarah Koren discussed the policy of Orange County Public Schools and how the intent was to actively challenge all Exceptional Student Education (ESE) cases where a dispute arose specifically stating "our district's perspective for a long time was to fight almost everything that came through" which is a direct opposition to the law requiring meetings to be held in good faith.  Produce all emails, communications, documents, meeting notes, investigation files, and any other document stating the current policy and any former policy of Orange County Public Schools regarding how Orange County Public Schools will handle any disputes in any ESE cases.

22.  Produce the names and titles of all OCSB employees who had direction over Sarah Koren and the capacity of such direction and all emails,

communications, documents, meeting notes, investigation files, and any other document discussing this relationship.

23. Produce a list of all lawsuits and due process hearings and mediations and facilitated meetings and resolution meetings that occurred with the OCSB and any other party, and the results of such hearing, mediation, or meeting.

24. Produce the electronic video for KM for any IEP meeting.

25. Produce all Florida Bar Complaints and all documents regarding such against Sarah Koren or Amy Envall.

26. Produce any documents regarding why the Settlement Agreement in this case was breached or why any employee of the OCSB decided to end KM's OT.

27. All records, including logs, notes, memoranda, electronic and digital records of the geographic position of Sarah Koren and Amy Envall when the individuals called and listened into Daniel Sansoni's phone call.

28. Provide the phone number used to call Daniel Sansoni and the type of phone used to call Daniel Sansoni when Sarah Koren and Amy Envall called and listened into Daniel Sansoni's phone call.

29. All training and education materials or videos or other documentation relating to any speech or presentation Sarah Koren did regarding IEP meetings.

30. All training and education materials or videos or other documentation relating to any speech or presentation any employee of the OCSB did regarding IEP meetings and how to limit rights of any kind of any student of the OCSB.

31. Any and all documents between Lisa Miller and Stephanie Osmond.

32. Any and all documents why the chess club ended at Innovation Middle School in 2024.

33. Any and all documents of how students were determined to be allowed to be on the gaming truck at Moss Park Elementary School from 2019 to 2023.

34. Any and all documents of how students were selected for the Book Club at Moss Park Elementary School from 2019 to 2023.

35. Any all documents of how students were selected to be on safety patrol at Moss Park Elementary School.

36. Any and all documents regarding the meeting that Rosemary Berson had with Theresa Sutton in February, 2024.

37. Any and all documents regarding Rosemary Berson deciding to take away the second classroom of the ESE students at Innovation Middle School in the years 2023 or 2024.

38. Any documents regarding OCSB or its employees attempts to try and limit Occupational Therapy despite a parenting requesting it.

39. Any documents regarding KM being hurt while at Moss Park Elementary School.

40. Any documents regarding why juice boxes was refused to be opened to KM at Moss Park Elementary School.

41. Any documents pertaining to why Stephanie Osmond chose KM's first assigned paraprofessional, including all candidates, as well as any information on any other individual who participated in this hiring which occurred after the signing of the settlement agreement which is attached at Exhibit A to the Complaint in this case.

Motion Exhibit 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL SANSONI,**

      **Plaintiff,**

**v.**                          **Case No: 6:24-cv-327-PGB-LHP**

**ORANGE COUNTY SCHOOL**
**BOARD,**

      **Defendant.**

_____/

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, **ORANGE COUNTY SCHOOL BOARD** ("School Board" or "Defendant"), by and through the undersigned counsel, hereby serves its supplemental responses to Plaintiff's First Request for Production of Documents as follows:

## QUALIFICATIONS

A.      Defendant does not intend the provisioning of these responses (or the production of materials or documents hereunder) to be construed as waiver of any claim of privilege, including attorney-client and work product. If a response (or the production of materials or documents hereunder) is made for which a claim of privilege is applicable, any such response (or the production of materials or documents hereunder) shall be deemed inadvertent and shall not be deemed a waiver of privilege.

B.      Defendant makes these responses (or the production of materials or

1

documents hereunder) based upon information and belief, present recollection, and knowledge and facts as currently known.

      C.    Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that Defendant makes no representation of authenticity concerning any materials or documents referenced hereunder and Defendant makes no representation of accuracy of the contents of any materials or documents referenced hereunder.

      D.    Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that discovery is on-going and that such responses (or the production of materials or documents hereunder) shall not waive Defendant's right to supplement the information contained or referenced herein (or materials or documents produced hereunder) to the extent that additional information (or materials or documents) becomes available and known to Defendant, subject to and without waiving any aforementioned objections or any future additional objections.

      E.    The designation of documents as responsive to a specific request does not preclude that document from being responsive to other requests, nor does the failure to designate a document exclude a document from being responsive to other requests.

## SUPPLEMENTAL RESPONSES

      1.    Any and all documents, bills, statements, correspondence, or records of any kind pertaining to Daniel Sansoni, Ruth Willis,           or KM

(hereinafter referred to as KM), and [redacted] or KDM (hereinafter referred to as KDM).

> **RESPONSE:** Objection. This request seeks communications that are protected from disclosure under the attorney-client privilege. It also seeks documents that are wholly unrelated to the issues raised in the operative Complaint and are not relevant to any party's claim or defense. Subject to and without waiving this objection, Defendant will produce copies of the cumulative educational records maintained by Defendant for KM and KDM.
>
> **SUPPLEMENTAL RESPONSE:** See Bates 001-1022 and 1023-1125.

5.      Any and all documents which comprise, refer to or relate to insurance agreements under which any person carrying on an insurance business might be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment.

> **RESPONSE:** Defendant is self-insured. Defendant also carries excess insurance. A copy of the excess policy will be produced.
>
> **SUPPLEMENTAL RESPONSE:** See Bates 1126-1185.

10.     Any and all documents of any employee of the OCSB discussing wiretapping, eavesdropping, interception of communications, or Florida Statute 934.03.

> **RESPONSE:** Objection. This request seeks information about "any employee of the OCSB" and has no limitations as to time. Defendant employs over 25,000 team members, therefore, this request is grossly disproportionate to any possible "need" of the case, as required by Rule 26(b). Further, this request presumes that employees of OCSB are engaging in violations of Florida Statutes 934.03, which Defendant

3

denies. Subject to this objection, Defendant will produce the affidavit of Amy Envall, Esq., dated June 15, 2021.

**SUPPLEMENTAL RESPONSE:** See Bates 1186-1187.

Dated this 6th day of June 2024.

*/s/ Amy J. Pitsch*
**AMY J. PITSCH**
Florida Bar No. 0338280
E-mail: apitsch@sniffenlaw.com
**MOLLY L. SHADDOCK**
Florida Bar Number: 0028358
E-mail: mshaddock@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
605 N. Olive Ave., 2nd Floor
West Palm Beach FL, 33401
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Orange County*
*School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June 2024, a true and exact copy of the foregoing was furnished to Plaintiff, Daniel Sansoni via email at dsansoni@hotmail.com.

*/s/ Amy J. Pitsch*
**AMY J. PITSCH**

4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DANIEL SANSONI,**

     **Plaintiff,**

**v.**                              **Case No: 6:24-cv-327-PGB-LHP**

**ORANGE COUNTY SCHOOL BOARD,**

     **Defendant.**

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, **ORANGE COUNTY SCHOOL BOARD** ("School Board" or "Defendant"), by and through the undersigned counsel, hereby serves its responses to Plaintiff's First Request for Production of Documents as follows:

### QUALIFICATIONS

A.     Defendant does not intend the provisioning of these responses (or the production of materials or documents hereunder) to be construed as waiver of any claim of privilege, including attorney-client and work product. If a response (or the production of materials or documents hereunder) is made for which a claim of privilege is applicable, any such response (or the production of materials or documents hereunder) shall be deemed inadvertent and shall not be deemed a waiver of privilege.

B.     Defendant makes these responses (or the production of materials or documents hereunder) based upon information and belief, present recollection,

and knowledge and facts as currently known.

C.      Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that Defendant makes no representation of authenticity concerning any materials or documents referenced hereunder and Defendant makes no representation of accuracy of the contents of any materials or documents referenced hereunder.

D.      Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that discovery is on-going and that such responses (or the production of materials or documents hereunder) shall not waive Defendant's right to supplement the information contained or referenced herein (or materials or documents produced hereunder) to the extent that additional information (or materials or documents) becomes available and known to Defendant, subject to and without waiving any aforementioned objections or any future additional objections.

E.      The designation of documents as responsive to a specific request does not preclude that document from being responsive to other requests, nor does the failure to designate a document exclude a document from being responsive to other requests.

## RESPONSES

1.      Any and all documents, bills, statements, correspondence, or records of any kind pertaining to Daniel Sansoni, Ruth Willis          or KM (hereinafter referred to as KM), and          or KDM (          ferred to

as KDM).

> **RESPONSE:** Objection. This request seeks communications that are protected from disclosure under the attorney-client privilege. It also seeks documents that are wholly unrelated to the issues raised in the operative Complaint and are not relevant to any party's claim or defense. Subject to and without waiving this objection, Defendant will produce copies of the cumulative educational records maintained by Defendant for KM and KDM.

2.      The entire personnel file of Lisa Miller, Stephanie Osmond, Phoebe Storey, Mr. Luis (a paraprofessional who worked at Moss Park Elementary School with Phoebe Storey), Janice Border, Katrina Moore, Melissa Miller, Tajuana Lee-Wenze, Sarah Koren, Jason Batura, Rosemary Berson, Theresa Sutton, Amy Envall, Christine Croft, Elizabeth Padilla, Melissa Grace, and Jennifer Kezer, including but not limited to application records, employment history, disciplinary records, promotion records, complaint records, education or training history, drug tests, criminal background checks and any other documents kept in the regular course of business.

> **RESPONSE:** Defendant objects to this request because it is overly broad, unduly burdensome, not relevant to any parties' claim or defense, and requests documents which are not proportional to the needs of this case.

3.      Any and all contractual or legal agreements between the OCSB and Lisa Miller, Stephanie Osmond, Phoebe Storey, Mr. Luis (a paraprofessional who worked at Moss Park Elementary School with Phoebe Storey), Janice Border, Katrina Moore, Melissa Miller, Tajuana Lee-Wenze, Sarah Koren, Jason Batura, Rosemary Berson, Theresa Sutton, Amy Envall, Christine Croft, Elizabeth Padilla,

Melissa Grace, and Jennifer Kezer pertaining to his or her current and past employment.

> **RESPONSE:**  Defendant objects to this request because it is overly broad, unduly burdensome, not relevant to any parties' claim or defense, and requests documents which are not proportional to the needs of this case.

4.      Any charts, tables, or other documents detailing the hierarchical and/or organizational structure of the Orange County School Board.

> **RESPONSE:**  Please refer to the org chart located at https://cdnsm5-ss15.sharpschool.com/UserFiles/Servers/Server_54619/File/Frequentl y%20Updated%20Documents/org%20charts.pdf .

5.      Any and all documents which comprise, refer to or relate to insurance agreements under which any person carrying on an insurance business might be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment.

> **RESPONSE:** Defendant is self-insured. Defendant also carries excess insurance. A copy of the excess policy will be produced.

6.      Any and all documents, reports, memoranda, notes, recordings or statements of any kind by any person or entity which refer or relate to any Individualized Education Plan (IEP) meeting of KM.

> **RESPONSE:** Please refer to the documents produced in response to Request #1.

7.      Any and all documents, reports, memoranda, notes, recordings or statements of any kind which refer or relate to any meeting that any employee of the defendant OCSB had about Daniel Sansoni, Ruth Willis, KM, or KDM.

> **RESPONSE:** Please refer to the documents produced in response to Request #1.

8.    Any and all documents regarding any police involvement or law enforcement involvement or Florida Department of Children and Families Involvement at Moss Park Elementary School including any police reports, DCF reports, or OCPS Management A-4.

> **RESPONSE:** Objection. This request is overbroad, vague, not proportional to the needs of the case, and seeks documents concerning students not parties to this suit whose records are protected from disclosure under Florida Statutes §1002.22, the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g, and Chapter 39, Florida Statutes. To the extent any such records are maintained by Defendant concerning either KM and/or KDM and are housed in the records produced in response to Request #1, Defendant directs Plaintiffs to those records.

9.    Any and all documents of any kind where any employee of the OCSB discusses using OCPS Management A-4 intentionally against any student or parent of a student despite there being no violation.

> **RESPONSE:** Objection. This request seeks information about "any employee" and "any student" in the entire School District, without limitation. Defendant employs over 25,000 team members and has approximately 209,000 enrolled students. This request is grossly disproportionate to any possible "need" of the case, as required by Rule 26(b). Further, the referenced Management Directive speaks for itself and can be found at https://cdnsm5-ss15.sharpschool.com/UserFiles/Servers/Server_125103/File/Departm ents/Human%20Resources/Professional%20Standards/MD%204-25-23/MD%20A%2004%20Reporting%20Child%20Abuse.pdf .

10.    Any and all documents of any employee of the OCSB discussing wiretapping, eavesdropping, interception of communications, or Florida Statute 934.03.

**RESPONSE:** Objection. This request seeks information about "any employee of the OCSB" and has no limitations as to time. Defendant employs over 25,000 team members, therefore, this request is grossly disproportionate to any possible "need" of the case, as required by Rule 26(b). Further, this request presumes that employees of OCSB are engaging in violations of Florida Statutes 934.03, which Defendant denies. Subject to this objection, Defendant will produce the affidavit of Amy Envall, Esq., dated June 15, 2021.

11.   Any and all documents of any employee of the OCSB discussing how to disrupt or cause trouble or use the code of civility or use any tactic in order to obtain an edge at any IEP meeting.

**RESPONSE:** Objection. Terms such as "disrupt," "cause trouble," or "obtain an edge at any IEP meeting" are vague and unclear. When parents and District team members find themselves in disagreement concerning the provision of special education and related services to a student during an IEP meeting, parents may reference their Procedural Safeguards to determine their rights and recourse at https://www.fldoe.org/core/fileparse.php/7690/urlt/0070135-procedural.pdf .

12.   Any and all documents discussing payments or bonuses, or not receiving payments or bonuses, from any employee or department of the OCSB to any principal of the OCSB if the principal does not act in accordance with any act as directed by them by such employee or department of the OCSB.

**RESPONSE:**  None.

13.   Any and all documents discussing any control by any employee in the Exceptional Student Education (ESE) department of the OCSB over any principal of the OCSB.

**RESPONSE:** None.

14.    The name, address, and telephone number of any ESE employee, principal, or teacher who worked with ESE students who was fired or disciplined.

> **RESPONSE:** Defendant objects to this request because it is overly broad, unduly burdensome, not relevant to any parties' claim or defense, and requests documents which are not proportional to the needs of this case.

15.    Any and all documents discussing whether any member of any investigatory entity of OCSB can have their investigation controlled by any other employee of the OCSB.

> **RESPONSE:** Objection. This request, particularly as it references "any investigatory entity of OCSB," is vague and unclear.  Defendant cannot formulate a response because Defendant is unable to determine what is being requested.

16.    Any and all documents memorializing any citations, warnings, or fines issued by any governmental or regulatory body to the OCSB or its employees.

> **RESPONSE:** Defendant objects to this request because it is overly broad, unduly burdensome, not relevant to any parties' claim or defense, and requests documents which are not proportional to the needs of this case.

17.    Any documents regarding any professional standards complaint or ethics complaint against Lisa Miller, Stephanie Osmond, Phoebe Storey, Mr. Luis (a paraprofessional who worked at Moss Park Elementary School with Phoebe Storey), Janice Border, Katrina Moore, Melissa Miller, Tajuana Lee-Wenze, Sarah Koren, Jason Batura, Rosemary Berson, Theresa Sutton, Amy Envall, Christine Croft, Elizabeth Padilla, Melissa Grace, and Jennifer Kezer.

**RESPONSE:**  Defendant objects to this request because it is overly broad, unduly burdensome, not relevant to any parties' claim or defense, and requests documents which are not proportional to the needs of this case.

18.     Any and all documents between Jason Batura and Sarah Koren.

**RESPONSE:**  Defendant objects to this request because it seeks documents that are protected from disclosure under the attorney-client privilege. Defendant also objects because this request seeks documents concerning students not parties to this suit whose records are protected from disclosure under Florida Statutes §1002.22, the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g, and Chapter 39, Florida Statutes. Additionally, this request is overly broad, unduly burdensome, and requests documents not proportional to this case's needs.

19.     Any and all documents between Tajuana Lee-Wenze and Sarah Koren.

**RESPONSE:**  Defendant objects to this request because it seeks documents that are protected from disclosure under the attorney-client privilege. Defendant also objects because this request seeks documents concerning students not parties to this suit whose records are protected from disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g. Additionally, this request is overly broad, unduly burdensome, and requests documents not proportional to this case's needs.

20.     All documents referring to Amy Envall listening in on Daniel

Sansoni's conversation.

**RESPONSE:**  Defendant objects to this request because it is vague and unclear. Plaintiffs do not specify what conversation is being referenced here, when this conversation took place, and what Plaintiffs means by "listening in on." To the extent that Plaintiffs seek notes taken by Ms. Envall concerning any conversations with Mr. Sansoni during the pendency of the due process hearing with Case No. 21-1577E, Defendant asserts the work-product privilege with respect to any such documents.

21.     In a 2016 meeting, Attorney Sarah Koren discussed the policy of

Orange County Public Schools and how the intent was to actively challenge all

Exceptional Student Education (ESE) cases where a dispute arose specifically stating "our district's perspective for a long time was to fight almost everything that came through" which is a direct opposition to the law requiring meetings to be held in good faith.  Produce all emails, communications, documents, meeting notes, investigation files, and any other document stating the current policy and any former policy of Orange County Public Schools regarding how Orange County Public Schools will handle any disputes in any ESE cases.

> **RESPONSE:** Defendant handles ESE disputes pursuant to the Procedural Safeguards, as well as the Individuals with Disabilities Education Act and implementing regulations. The URL for the Procedural Safeguards is included in Defendant's response to Request #11.

22.    Produce the names and titles of all OCSB employees who had direction over Sarah Koren and the capacity of such direction and all emails, communications, documents, meeting notes, investigation files, and any other document discussing this relationship.

> **RESPONSE:** Defendant objects to this request as improper under Federal Rule of Civil Procedure 34, since it requests information ("produce the names and titles of all OCSB employees"), not just documents. Defendant further objects to the documents requested herein because they are not relevant to any parties' claim or defense.

23.    Produce a list of all lawsuits and due process hearings and mediations and facilitated meetings and resolution meetings that occurred with the OCSB and any other party, and the results of such hearing, mediation, or meeting.

> **RESPONSE:** Defendant objects to this request because it seeks records that are protected from disclosure under the attorney-client privilege. Defendant also objects because this request seeks documents concerning

students not parties to this suit whose records are protected from disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g. Additionally, this request is overly broad, unduly burdensome, and requests documents not proportional to this case's needs.

24.     Produce the electronic video for KM for any IEP meeting.

**RESPONSE:** None.

25.     Produce all Florida Bar Complaints and all documents regarding such against Sarah Koren or Amy Envall.

**RESPONSE:** None. Defendant does not maintain Florida Bar records.

26.     Produce any documents regarding why the Settlement Agreement in this case was breached or why any employee of the OCSB decided to end KM's OT.

**RESPONSE:** Defendant denies that the subject Settlement Agreement was breached, therefore, no records exist that constitute evidence of a breach. Additionally, no single "employee" of Defendant made any decisions about KM's occupational therapy services (this is an IEP team decision), therefore, no records exist responsive to the second part of this Request.

27.     All records, including logs, notes, memoranda, electronic and digital records of the geographic position of Sarah Koren and Amy Envall when the individuals called and listened into Daniel Sansoni's phone call.

**RESPONSE:** None.

28.     Provide the phone number used to call Daniel Sansoni and the type of phone used to call Daniel Sansoni when Sarah Koren and Amy Envall called and listened into Daniel Sansoni's phone call.

**RESPONSE:** This is a request for information, not a request for records. It is not a properly stated request for production pursuant to Federal Rule of Civil Procedure 34.

29.    All training and education materials or videos or other documentation

relating to any speech or presentation Sarah Koren did regarding IEP meetings.

**RESPONSE:** Objection. This request is overly broad, not relevant to any parties' claim or defense, unduly burdensome, and requests documents that are not proportional to this case's needs.

30.    All training and education materials or videos or other documentation

relating to any speech or presentation any employee of the OCSB did regarding IEP

meetings and how to limit rights of any kind of any student of the OCSB.

**RESPONSE:** Defendant does not maintain materials of the kind sought that seek to instruct Defendant employees in "how to limit rights of any kind of any student of the OCSB."

31.    Any and all documents between Lisa Miller and Stephanie Osmond.

**RESPONSE:** Defendant objects because this request seeks documents concerning students not parties to this suit whose records are protected from disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g. Additionally, this request is overly broad, unduly burdensome, and requests documents not proportional to this case's needs.

32.    Any and all documents why the chess club ended at Innovation Middle

School in 2024.

**RESPONSE:** None.

33.    Any and all documents of how students were determined to be allowed

to be on the gaming truck at Moss Park Elementary School from 2019 to 2023.

**RESPONSE:** Objection. This request seeks documents concerning a period outside the applicable statute of limitations. Additionally, this

11

request seeks student-specific documents that are protected from unauthorized disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g.

34.    Any and all documents of how students were selected for the Book

Club at Moss Park Elementary School from 2019 to 2023.

> **RESPONSE:** Objection. This request seeks documents concerning a period outside the applicable statute of limitations. Additionally, this request seeks student-specific documents that are protected from unauthorized disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g.

35.    Any all documents of how students were selected to be on safety patrol

at Moss Park Elementary School.

> **RESPONSE:** Defendant objects to this request because it seeks student-specific documents that are protected from unauthorized disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g.

36.    Any and all documents regarding the meeting that Rosemary Berson

had with Theresa Sutton in February 2024.

> **RESPONSE:** Defendant objects to this request because it does not identify the date or subject of the meeting in February 2024 between the two named individuals for which Plaintiffs are seeking documents, therefore, Defendant is unable to formulate a response.

37.    Any and all documents regarding Rosemary Berson deciding to take

away the second classroom of the ESE students at Innovation Middle School in the

years 2023 or 2024.

> **RESPONSE:** Since this did not occur, no such documents exist.

38.    Any documents regarding OCSB or its employees attempts to try and

limit Occupational Therapy despite a parenting requesting it.

**RESPONSE:** Defendant objects because this request seeks documents concerning students not parties to this suit whose records are protected from disclosure under Florida Statutes §1002.22 and the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g. Additionally, this request is overly broad, unduly burdensome, and requests documents not proportional to this case's needs. To the extent that parents disagree with IEP teams regarding services on a student's IEP, such disputes are subject to the Procedural Safeguards, which are referenced in the response to Request #11.

39.    Any documents regarding KM being hurt while at Moss Park Elementary School.

**RESPONSE:** To the extent KM reported to the school nurse's office at Moss Park Elementary School due to an injury, clinic logs or notes would record this information and would be included in the cumulative educational records being produced in response to Request #1.

40.    Any documents regarding why juice boxes was refused to be opened to KM at Moss Park Elementary School.

**RESPONSE:** None.

41.    Any documents pertaining to why Stephanie Osmond chose KM's first assigned paraprofessional, including all candidates, as well as any information on any other individual who participated in this hiring which occurred after the signing of the settlement agreement which is attached at Exhibit A to the Complaint in this case.

**RESPONSE:** Objection. It is not clear to Defendant what documents Plaintiffs are requesting with respect to the hiring of an unnamed "first assigned paraprofessional" for KM or in fact, who is being referenced in the description "first assigned paraprofessional." Defendant requires a less vague request to formulate a response.

## DEFENDANT'S PRIVILEGE LOG

| Documents | Privileges Asserted |
|---|---|
| Any and all communications between attorneys for Defendant employed in the Office of Legal Services and any other employee of Defendant concerning a student not named as a party in this suit | Family Educational Rights and Privacy Act and Attorney-Client Privilege |
| Any and all communications between attorney and client, including but not limited to communications between and among Sniffen & Spellman, P.A., and any employees of Defendant | Attorney-Client Privilege |
| Any and all communications between any non-attorney employees of Defendant concerning a student not named as a party in this suit | Family Educational Rights and Privacy Act |
| Any and all documents maintained by Defendant concerning any student not named as a party in this suit | Family Educational Rights and Privacy Act |
| Any notes made by Ms. Envall during the pendency of the due process hearing with Case No. 21-1577E | Work Product Doctrine |
| Any and all documents maintained by Defendant concerning any due process hearings (which are confidential proceedings) that do not concern a student named as a party in this suit | Family Educational Rights and Privacy Act and Attorney-Client Privilege |

Dated this 3rd day of June 2024.

*/s/ Molly Shaddock*
**MOLLY L. SHADDOCK**
Florida Bar Number: 0028358
E-mail: mshaddock@sniffenlaw.com
**AMY J. PITSCH**
Florida Bar No. 0338280
E-mail: apitsch@sniffenlaw.com

14

**SNIFFEN & SPELLMAN, P.A.**
605 N. Olive Ave., 2nd Floor
West Palm Beach FL, 33401
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Orange County
School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June 2024, a true and exact copy of the foregoing was furnished to Plaintiff, Daniel Sansoni via email at dsansoni@hotmail.com.

*/s/ Molly Shaddock*
**MOLLY L. SHADDOCK**

15