UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL SANSONI,

      Plaintiff,

v.                                         Case No:   6:24-cv-327-JSS-LHP

ORANGE COUNTY SCHOOL
BOARD,

      Defendant

_____

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 40)
>
> **FILED:**     June 13, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Daniel Sansoni, appearing *pro se*, seeks to compel document production from Defendant Orange County School Board.  Doc. No. 40. According to the motion, on March 30, 2023, Plaintiff served on Defendant a "Demand for Production of Documents, Set One." *Id.* at 2, 8–18 ("Demand for

Production").[1] On April 12, 2024, Defendant requested that its deadline to respond to the Demand for Production be extended through June 2, 2024, and Plaintiff agreed. *Id.* at 2, 6. But Defendant did not respond by June 2, 2024. Instead, on June 3, 2024, Defendant served its Response on Plaintiff. *Id.* at 2, 24–38. And on June 6, 2024, Defendant served a Supplemental Response, to include some responsive documents. *Id.* at 2, 20–23. Plaintiff says that Defendant's Responses were untimely pursuant to the parties' agreement, and that the document production to date is deficient. *Id.* at 3.

Plaintiff filed the motion through the Court's e-portal on June 13, 2024, and a Notice of Electronic Filing was sent to Defendant's counsel on June 17, 2024. Doc. No. 40; *see also* Fed. R. Civ. P. 5(b)((2)(E). However, Defendant has not responded to the motion, and its time for doing so has expired. *See* Doc. No. 33 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 33 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed

---

[1] As more fully set forth below, Plaintiff's motion also references Requests for Admission, but no Requests for Admission are attached to the motion, and the relief requested pertains to document production alone. Accordingly, this Order addresses only the Demand for Production.

unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, the Court finds Plaintiff's request with regard to the production of documents requested in the Demand for Production well taken. *See* Doc. No. 40, at 8–18. However, the Court notes that although Plaintiff's motion mentions Requests for Admission, no such Requests for Admission are attached to the motion and the only relief sought pertains to the Demand for Production. *See id.* at 2, 4; *see also* Doc. No. 33 ¶ 3 (requiring attachment of the discovery at issue). Accordingly, the Court's rulings set forth herein are limited to the Demand for Production, and do not speak to any relief as to Requests for Admission.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion to Compel Production of Documents (Doc. No. 40) is **GRANTED**.

2. Within **fourteen (14) days** of this Order, Defendant shall serve on Plaintiff, with the exception of materials covered by the attorney-client privilege, all documents in its current possession, custody, or control responsive to the Demand for Production. *See* Doc. No. 40, at 8–18.

3. All objections to the discovery at issue, other than attorney client privilege, have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. Within **fourteen (14) days** of this Order, Defendant shall serve on Plaintiff a privilege log clearly identifying any and all remaining documents withheld on the basis of attorney-client privilege. The privilege log must be in the form required by the Court's Standing Order Regarding Privilege Logs, *In Re: Procedure for Assertion of Privilege*, Case No. 6:19-mc-32-Orl-LRH (Doc. No. 1, June 17, 2019).

5. **Failure to comply with this Order may result in sanctions.** *See* **Fed. R. Civ. P. 37(b).**[2]

---

[2] Plaintiff does not request an award of fees or costs or any other relief in his motion,

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2024.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

*see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time. The Court also notes that Plaintiff proceeds *pro se*, rendering an award of attorney's fees inappropriate.