# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DANIEL SANSONI,

        Plaintiff,

v.                                                            Case No:   6:24-cv-327-JSS-LHP

ORANGE COUNTY SCHOOL
BOARD,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR CLARIFICATION AND EXTENSION OF TIME AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 43)
>
> **FILED:** June 27, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

On June 13, 2024, Plaintiff filed a motion to compel document production from Defendant, as set forth in a "Demand for Production of Documents, Set One." Doc. No. 40. Defendant failed to timely respond to that motion, and on June 25,

2024, the Court granted the motion as unopposed. Doc. No. 42. The Court ordered Defendant to produce all responsive documents to the "Demand for Production of Documents, Set One," within its possession, custody, or control, outside of documents covered by the attorney-client privilege. *Id.* at 4. The Court further ordered that all objections to the discovery at issue were otherwise waived. *Id.*

Now before the Court is Defendant's motion for clarification regarding the Court's June 25, 2024 Order. Doc. No. 43. Defendant seeks to clarify whether its required production is limited by certain concessions made in Plaintiff's motion, to wit, the redaction of personal student/parent information and a time limitation "for five years prior to August 2019, to the present." *Id.* at 2 (citing Doc. No. 40, at 2). Defendant also seeks to clarify whether the Court deemed waived its objections under the Family Education Rights and Privacy Act (FERPA). *Id.* at 3. Finally, Defendant also asks for an extension of time to make its production. *Id.*

Upon review, the Court ordered the parties to conduct a substantive conferral regarding the motion prior to Plaintiff's response deadline, with Plaintiff's response to include a recitation regarding the results of the conferral efforts. Doc. No. 44. In response, Plaintiff states that his "main objection" to the motion for clarification was Defendant's failure to properly confer in the first place. *Id.* at 2–3. And after conferral with Defendant pursuant to the Court's Order, Plaintiff agrees to: (1)

Defendant's requested extension of time to produce the responsive documents; and (2) to the adopting of the limiting concessions included in Plaintiff's motion to compel. *Id.* at 3–6. However, regarding the remainder of Defendant's motion, Plaintiff contends that Defendant cannot wholly withhold documents allegedly protected by FERPA, and redacting the information will sufficiently protect any third-party interests. *Id.* at 6–7.

Upon consideration of the parties' briefing, Defendant's motion (Doc. No. 43) will be granted, in part. Given Plaintiff's response, the Court will clarify that Defendant's document production is limited by the concessions made in Plaintiff's motion to compel, such that all student-related personal information and/or identifiers may be redacted from the document production, and the document production may be limited to "five years prior to August, 2019, to the present." *See* Doc. No. 40, at 2. And the Court will extend the deadline for Defendant's document production, with Plaintiff's agreement.

However, with respect to Defendant's final request as to whether the Court deemed Defendant's FERPA objections waived, and "whether the Court intended to require disclosure of education records protected by FERPA through its Order," Defendant's motion will be denied. As Plaintiff argues, Defendant appears to be attempting to reassert an already-waived wholesale objection to production of documents that would be protected under FERPA. Doc. No. 43. And Defendant

fails to address why redaction of any records subject to FERPA would alone be insufficient. *See, e.g.*, *Doe v. Rollins Coll.*, No. 6:18-cv-1069-Orl-37LRH, 2019 WL 11703979, at *5 (M.D. Fla. Apr. 10, 2019) ("FERPA does not prohibit the release of records so long as the student's identifying information is redacted." (citing *United States v. Miami Univ.*, 294 F.3d 797 (6th Cir. 2002); *Ragusa v. Malvern Union Free Sch. Dist.*, 549 F. Supp. 2d 288 (E.D.N.Y. 2008))); *see also generally Bigge v. Dist. Sch. Bd. of Citrus Cty., Fla.*, No. 5:11-cv-210-Oc-10TBS, 2011 WL 6002927, at *1 (M.D. Fla. Nov. 28, 2011) ("FERPA does not create a privilege which protects against the disclosure of student information, rather, it provides for the imposition of sanctions against an offending institution.").

Accordingly, for the reasons discussed herein, it is **ORDERED** as follows:

1. Defendant's Motion for Clarification and Extension of Time (Doc. No. 43) is **GRANTED in part**.

2. The Court **CLARIFIES** that Defendant's document production is limited by the concessions made in Plaintiff's motion to compel, such that all student-related personal information and/or identifiers may be redacted from the document production, and the document production may be limited to "five years prior to August, 2019, to the present." *See* Doc. No. 40, at 2.

3. Defendant's deadline for document production pursuant to the Court's June 25, 2024 Order (Doc. No. 42) is extended up to and including **July 25, 2024**.

4. Defendant's motion (Doc. No. 43) is **DENIED in all other respects**, and all other aspects of the June 25, 2024 Order (Doc. No. 42), except as clarified herein, remain in full force and effect.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties