UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL SANSONI,

        Plaintiff,

v.                                        Case No:   6:24-cv-327-JSS-LHP

ORANGE COUNTY SCHOOL
BOARD,

        Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE DEFENDANT (Doc. No. 41)**
>
> **FILED:**     **June 19, 2024**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff Daniel Sansoni, appearing *pro se*, has filed the above-styled motion for sanctions against Defendant Orange County School Board, asserting that Defendant has committed numerous "bad acts" since inception of this litigation.

Doc. No. 41. Plaintiff relies on Defendant's alleged failure to timely respond to Requests for Admission (Doc. No. 41-2), the allegations of the amended complaint (Doc. No. 35), allegations in a previously-denied motion for preliminary injunction (Doc. No. 32), and several allegations against Defendant's employees which appear to be unrelated to conduct in this litigation specifically (for example, falsely stating summer school was open on a day it was not, harassing a teacher, and taking away a chess club). *Id.* In relief, Plaintiff seeks "all items in the proposed Order in the Motion for Preliminary Injunction," which motion for preliminary injunction was denied without prejudice due to the filing of the amended complaint. *Id.* at 3. *See* Doc. Nos. 32, 37. He also seeks to have financial penalties imposed against Defendant. Doc. No. 41, at 3–4. Defendant opposes. Doc. No. 45.

Upon consideration, and without addressing the merits of the parties' respective positions, Plaintiff's motion is due to be denied without prejudice. Specifically, although labeled as a motion for sanctions, the motion is in effect a motion for preliminary injunction, as evidenced by the relief sought. *See* Doc. No. 41, at 3.[1] But Plaintiff's motion does not comply with the requirements set forth in

---

[1] Plaintiff seeks: (1) "[e]nforcement of the hour per month of Occupational Therapy which is in the Settlement Agreement"; (2) "[d]uring the length of the time of these proceedings, the school principal and the ESE Department, other than the staffing specialist, of the Defendant Board are not allowed to take, or make, any action affecting the plaintiffs"; (3) "[t]he Defendant Board is precluded from firing KM's teacher for any

- 2 -

Local Rule 6.02, *see also* Local Rule 6.01(a), (b), or Federal Rule of Civil Procedure 65, or otherwise meet the standards for obtaining a preliminary injunction. *See Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (to obtain a temporary restraining order or preliminary injunction, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order)).

---

action she did in support of KM"; (4) "[t]he second classroom taken away from KM and his classroom should be returned to KM and his classroom"; (5) "[t]he general counsel of the Defendant, Amy Envall, is precluded from making legal decisions on behalf of the Board in this case"; (6) "[t]he Defendant Board is precluded from allowing the ESE Department to have any financial control over its School Principals"; (7) "[P]laintiff Sansoni should be eligible for attorney's fees" and "should be granted Special Admission"; (8) "[P]laintiffs need protection from this Defendant. As a Sanction, plaintiff seeks extension of all time limits for 7 years until Plaintiff KM graduates from the Defendant's school"; (9) "Defendant should be financially penalized for its acts which the Court deems fit with the penalty given to the plaintiffs"; (9) "[D]efendant should be required to pay for all of plaintiff's discovery"; and (10) "[D]efendant should be ordered to pay a penalty to KM's teacher." Doc. No. 41, at 3–4. The first six requests are identical to those listed in the denied motion for preliminary injunction, *see* Doc. No. 32, at 2, and the remaining four requests are without legal support. Specifically, the only case Plaintiff cites, *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), does not support Plaintiff's position that the majority of sanctions he seeks are appropriate under the Court's inherent authority for the type of "bad faith" conduct Plaintiff alleges in the present motion.

Accordingly, the motion (Doc. No. 41) is **DENIED without prejudice**.  *See, e.g.*, *Benson v. Hernando Cty. Sch. Dist. Bd.*, No. 8:21-cv-2060-CEH-AAS, 2021 WL 4050952, at *1–2 (M.D. Fla. Aug. 27, 2021) (denying plaintiff's construed motion for temporary restraining order or preliminary injunction for failing to abide by Local Rule 6.01 and Federal Rule of Civil Procedure 65, and for being substantively deficient); *see also David Boggs, LLC v. Soltis*, No. 6:18-cv-687-Orl-37GJK, 2018 WL 3860176, at *1–2 (M.D. Fla. May 4, 2018) (denying without prejudice motion for temporary restraining order and preliminary injunction for failure to comply with substantially similar prior version of Middle District of Florida Local Rules and Federal Rule of Civil Procedure 65(b)).

**DONE** and **ORDERED** in Orlando, Florida on July 12, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties